Ray A. BALFER, Plaintiff-Appellant,

v.

MAYRONNE MUD AND CHEMICAL COMPANY, INC., and/or Marone Drilling and Chemical Co., Inc., and Texaco, Inc., et al., Defendants-Appellees.

No. 84–4654
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 10, 1985.

---

**433**

Guy O. Mitchell, Ville Platte, La., for plaintiff-appellant.

Davidson, Meaux, Sonnier & Roy, John G. Swift, Lafayette, La., for Mayronne.

Caffery, Oubre, Dugas & Campbell, David R. Dugas, New Iberia, La., for Texaco.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Ray A. Balfer appeals the summary judgment dismissal of his Jones Act claim

against his employer, Mayronne Mud and Chemical Company, and § 905(b) claims against Texaco, Inc. Finding no genuine dispute of a material issue of fact and no error of law, we affirm.

### Facts and Procedural Background

Mayronne Mud is in the business of selling drilling mud and chemicals to those engaged in oil and gas drilling operations. Texaco was one of its major customers. Balfer was employed by Mayronne as a roustabout. During an 18-month period, while so employed, Balfer claims that he slipped and fell on numerous occasions on the decks of vessels littered with debris and slippery substances. Balfer claims that the unsafe condition of the decks was caused by the negligence of Mayronne and Texaco. Balfer claims to be a seaman and describes his duties in his original complaint to include "loading heavy sacks of chemicals and other items onto navigable vessels docked on navigable waterways."

Mayronne sought summary judgment on the grounds that its liability to Balfer was exclusively prescribed by the Longshoremen and Harbor Workers' Compensation Act. The trial court agreed. Texaco moved for summary judgment on the grounds that Balfer was not a seaman and had no valid claim under 33 U.S.C. § 905(b). The trial court agreed in part but did not address the § 905(b) issue. Balfer appealed but we dismissed that appeal as premature. Balfer then sued Local Tugs, Inc., the M/V WHITE EAGLE, and the M/V SILVER EAGLE. These defendants moved for summary judgment. Texaco filed a second motion for summary judgment contending that it had no vessels of its own or any under bareboat charter in the area where Balfer worked during the months in question and, further, that Balfer had not alleged any negligence on its part. The district court granted summary judgment to all defendants. Balfer appealed but then dismissed the appeal as against all defendants except Texaco and Mayronne.

### Analysis

#### A. Seaman Status

██ Ordinarily the question of seaman status is an issue for the jury. *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447 (5th Cir.1980). Nevertheless, summary judgment is proper where the plaintiff has failed to produce any evidence which would support a jury finding that he is a seaman. *Bertrand v. International Mooring & Marine, Inc.,* 700 F.2d 240 (5th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). In order to pose a jury question on the issue of seaman status, the plaintiff must present evidence that

(1) ... the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and

(2) ... the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

*Offshore Co. v. Robison,* 266 F.2d 769, 779 (5th Cir.1959). A vessel for purposes of this test is either one particular vessel or an "identifiable group of vessels." *Guidry v. Continental Oil Company,* 640 F.2d 523, 529 (5th Cir.1981).

██ Viewing the record in the light most favorable to Balfer it is manifestly clear that Balfer was a longshoreman and not a seaman. At best, the testimony shows only sporadic work aboard vessels and that work was part of Balfer's duties of loading and unloading of docked vessels, classic stevedoring work. Balfer concedes that he never went out on any vessel, he never ate or slept on a vessel and had nothing to do with any vessel's navigation. His sporadic and infrequent forays onto vessels while loading and unloading does not satisfy the *Robison* test. Balfer was not a seaman,

nor does the record reflect any genuine issue of material fact with respect to this status question. Accordingly he has no Jones Act claim.

## B. Section 905(b) claim against Texaco

Texaco offered uncontroverted evidence that no vessel which it owned or which was bareboat chartered to it was present near the docks upon which Balfer worked at any time during the year 1980, the time period in question. There is nothing in the record to reflect that Texaco controlled any vessel loaded by Mayronne crews during the relevant time period.

■ Balfer argues that Texaco is nevertheless liable because § 905(b) covers all charterers, not just bareboat charterers. Balfer misperceives the prevailing rule. While it is correct that a time charterer may be responsible under § 905(b) if he exercises control over the vessel and commits negligent acts which contribute to plaintiff's injury, a "time charterer who does not control the operation or navigation of the chartered vessel is not responsible for the consequences of the vessel owner's negligence." *Continental Oil Co. v. Bonanza Corp.*, 706 F.2d 1365, 1372 (5th Cir. 1983).

■ Balfer's only claim of negligence on the part of Texaco relates to the slippery and unsafe condition of the decks of the vessels which he loaded with supplies purchased by Texaco. Texaco has shown that it did not own or bareboat charter any of these vessels. Balfer has presented no evidence that Texaco had any control over the vessels or over the condition of their decks, nor is there any evidence that Texaco committed any negligent act which contributed to Balfer's injuries. Therefore, summary judgment in favor of Texaco on the § 905(b) claim was proper.

Accordingly, the judgments of the district court granting summary judgment to Mayronne and Texaco are AFFIRMED.